APPEAL,E−FILE,JURY,PROSE−NP,TYPE−H

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:23−cv−03937−APM</u>
### *Internal Use Only*

BANTE v. BUNCH, III  
Assigned to: Judge Amit P. Mehta  
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 12/28/2023  
Jury Demand: Plaintiff  
Nature of Suit: 442 Civil Rights: Jobs  
Jurisdiction: Federal Question

**Plaintiff**

**ARLO GARRISON BANTE**

represented by **ARLO GARRISON BANTE**  
5000 Dartmouth Dr  
Ste B−27  
Fairbanks, AK 99709  
907−799−6645  
Email: arlo.g.bante@gmail.com  
PRO SE

V.

**Defendant**

**LONNIE G. BUNCH, III**  
*Secretary, Smithsonian Institute*

represented by **Kaitlin Kerry Eckrote**  
DOJ−USAO  
Civil Division  
601 D Street NW  
Room 7.1525  
Washington DC, DC 20530  
202−252−2485  
Email: kaitlin.eckrote@usdoj.gov  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/28/2023 | 1 | COMPLAINT against LONNIE G. BUNCH III ( Filing fee $ 405, receipt number 206381) with Jury Demand filed by ARLO GARRISON BANTE. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet)(mg) (Entered: 01/11/2024) |
| 01/10/2024 | | SUMMONS (3) Issued as to LONNIE G. BUNCH III, U.S. Attorney and U.S. Attorney General. (mg) (Entered: 01/11/2024) |
| 01/22/2024 | 2 | AMENDED COMPLAINT against LONNIE G. BUNCH, III with Jury Demand filed by ARLO GARRISON BANTE.(mg) (Entered: 01/25/2024) |
| 01/22/2024 | 3 | MOTION to Appoint Counsel by ARLO GARRISON BANTE. (mg) (Entered: 01/25/2024) |
| 01/22/2024 | 4 | |

| | | |
|---|---|---|
| | | MOTION for CM/ECF Password by ARLO GARRISON BANTE. (mg) (Entered: 01/25/2024) |
| 02/02/2024 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 2/1/2024., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 1/26/2024. ( Answer due for ALL FEDERAL DEFENDANTS by 3/26/2024.), RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. LONNIE G. BUNCH, III served on 1/26/2024 (mg) (Entered: 02/06/2024) |
| 02/05/2024 | | MINUTE ORDER. The court denies without prejudice Plaintiff's 4 Motion for CM/ECF Password as it failed to comply with Local Civil Rule 5.4. To cure, Plaintiff must certify either that he has successfully completed the Clerks Office on–line tutorial or has been permitted to file electronically in other federal courts. Signed by Judge Amit P. Mehta on 02/05/2024. (lcapm1) (Entered: 02/05/2024) |
| 02/05/2024 | 6 | ERRATA by ARLO GARRISON BANTE re 5 Summons Returned Executed as to U.S. Attorney General, Summons Returned Executed as to US Attorney, Summons Returned Executed as to Federal Defendant. (mg) (Entered: 02/07/2024) |
| 02/08/2024 | 7 | MOTION for CM/ECF Password by ARLO GARRISON BANTE. (mg) (Entered: 02/09/2024) |
| 02/09/2024 | | MINUTE ORDER granting Plaintiff's 7 Motion for CM/ECF Password. Plaintiff Arlo Garrison Bante is hereby approved to access the court's electronic case management system. Plaintiff shall be responsible for monitoring his e–mail account and upon receipt of notice of an electronic filing, for retrieving the noticed filing. Signed by Judge Amit P. Mehta on 02/09/2024. (lcapm1). (Entered: 02/09/2024) |
| 03/13/2024 | 8 | NOTICE of Appearance by Kaitlin Kerry Eckrote on behalf of LONNIE G. BUNCH, III (Eckrote, Kaitlin) (Entered: 03/13/2024) |
| 03/18/2024 | 9 | MOTION for Extension of Time to File Answer re 2 Amended Complaint by LONNIE G. BUNCH, III. (Attachments: # 1 Text of Proposed Order)(Eckrote, Kaitlin) (Entered: 03/18/2024) |
| 03/19/2024 | | MINUTE ORDER granting Defendant's 9 Motion for Extension of Time. Defendant shall have through and including May 10, 2024, to respond to the Complaint in this action. Signed by Judge Amit P. Mehta on 03/19/2024. (lcapm1) Modified to edit event title on 3/19/2024 (hmc). (Entered: 03/19/2024) |
| 03/19/2024 | | Set/Reset Deadlines: Response to Complaint due by 5/10/2024. (hmc) (Entered: 03/19/2024) |
| 03/20/2024 | 10 | RESPONSE re 9 MOTION for Extension of Time to File Answer re 2 Amended Complaint *Motion to Oppose Defendant Motion for Extension of Time* filed by ARLO GARRISON BANTE. (Attachments: # 1 Text of Proposed Order Judge's Proposed Order)(BANTE, ARLO) (Entered: 03/20/2024) |
| 05/10/2024 | 11 | Partial MOTION to Dismiss by LONNIE G. BUNCH, III. (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Text of Proposed Order)(Eckrote, Kaitlin) (Entered: 05/10/2024) |
| 05/14/2024 | 12 | ORDER advising Plaintiff to respond on or before June 10, 2024, to Defendant's 11 Partial Motion to Dismiss or risk dismissal of some of the claims. See the attached |

| | | |
|---|---|---|
| | | Order for additional details. Signed by Judge Amit P. Mehta on 05/14/2024. (lcapm1) (Entered: 05/14/2024) |
| 05/14/2024 | | Set/Reset Deadlines: Responses due by 6/10/2024 (zglw) (Entered: 05/14/2024) |
| 06/05/2024 | 13 | MOTION for Extension of Time to File Response/Reply by ARLO GARRISON BANTE. (Attachments: # 1 Text of Proposed Order)(BANTE, ARLO) (Entered: 06/05/2024) |
| 06/06/2024 | | MINUTE ORDER granting Plaintiff's 13 Motion for Extension of Time. Plaintiff's time to respond to the motion to dismiss is extended to July 1, 2024. Signed by Judge Amit P. Mehta on 06/06/2024. (lcapm1) (Entered: 06/06/2024) |
| 06/06/2024 | | NOTICE OF ERROR re 13 Motion for Extension of Time to File Response/Reply; emailed to arlo.g.bante@gmail.com, cc'd 4 associated attorneys –– The PDF file you docketed contained errors: 1. **Please note the following for future filings; do not refile document**, 2. Future filings may be ENTERED IN ERROR, 3. All filings must have a signature (mg, ) (Entered: 06/06/2024) |
| 06/06/2024 | | Set/Reset Deadlines: Plaintiff's response to Defendant's Motion to Dismiss due by 7/1/2024 (zakb) (Entered: 06/06/2024) |
| 07/01/2024 | 14 | STRICKEN PURSUANT TO MINUTE ORDER DATED 7/3/2024.....Proposed MOTION for Order *of opposition of defendants partial dismissal* by ARLO GARRISON BANTE. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Text of Proposed Order)(BANTE, ARLO) Modified on 7/3/2024 (zakb). (Entered: 07/01/2024) |
| 07/03/2024 | | MINUTE ORDER striking sua sponte Plaintiff's Motion of Opposition to Defendant's Motion of Partial Dismissal, ECF No. 14 . Plaintiff's filing exceeds the 45–page limit provided by Local Civil Rule 7(e). By July 10, 2024, Plaintiff shall file a brief of no more than 45 pages that responds to Defendant's motion to dismiss. Defendant's time to file a reply shall not start until Plaintiff files a page–compliant brief. Signed by Judge Amit P. Mehta on 07/03/2024. (lcapm1) (Entered: 07/03/2024) |
| 07/10/2024 | 15 | Memorandum in opposition to re 14 Motion for Order, filed by ARLO GARRISON BANTE. (BANTE, ARLO) (Entered: 07/10/2024) |
| 07/11/2024 | 16 | Consent MOTION for Extension of Time to File Response/Reply as to 11 Partial MOTION to Dismiss by LONNIE G. BUNCH, III. (Attachments: # 1 Text of Proposed Order)(Eckrote, Kaitlin) (Entered: 07/11/2024) |
| 07/12/2024 | | MINUTE ORDER granting Defendant's 16 Consent Motion for Extension of Time to File Response. Defendant shall respond on or before August 7, 2024. Signed by Judge Amit P. Mehta on 07/12/2024. (lcapm1) (Entered: 07/12/2024) |
| 07/15/2024 | | Set/Reset Deadlines: Responses due by 8/7/2024 (zakb) (Entered: 07/15/2024) |
| 08/07/2024 | 17 | REPLY to opposition to motion re 11 Partial MOTION to Dismiss filed by LONNIE G. BUNCH, III. (Attachments: # 1 Exhibit)(Eckrote, Kaitlin) (Entered: 08/07/2024) |
| 09/30/2024 | | MINUTE ORDER. Plaintiff's Motion to Appoint Counsel, ECF No. 3 , is hereby dismissed without prejudice, pending resolution of Defendant's Partial Motion to Dismiss. Signed by Judge Amit P. Mehta on 09/30/2024. (lcapm1) (Entered: 09/30/2024) |
| 11/12/2024 | 18 | |

| | | |
|---|---|---|
| | | Memorandum in opposition to re 16 Motion for Extension of Time to File Response/Reply filed by ARLO GARRISON BANTE. (BANTE, ARLO) (Entered: 11/12/2024) |
| 01/20/2025 | 19 | SUPPLEMENTAL MEMORANDUM to *defendant's motion to partial dismiss* filed by ARLO GARRISON BANTE. (Attachments: # 1 Memorandum in Support Proposed order)(BANTE, ARLO) (Entered: 01/20/2025) |
| 01/31/2025 | 20 | SUPPLEMENTAL MEMORANDUM to *partial motion to dismiss* filed by ARLO GARRISON BANTE. (Attachments: # 1 Text of Proposed Order)(BANTE, ARLO) (Entered: 02/01/2025) |
| 03/17/2025 | 21 | ORDER granting 11 Defendant's Partial Motion to Dismiss. See the attached Order for additional details. Defendant shall answer the 2 Amended Complaint by March 31, 2025. Signed by Judge Amit P. Mehta on 3/17/2025. (lcapm1) (Entered: 03/17/2025) |
| 03/26/2025 | 22 | Unopposed MOTION for Extension of Time to File Answer re 2 Amended Complaint by LONNIE G. BUNCH, III. (Attachments: # 1 Text of Proposed Order)(Eckrote, Kaitlin) (Entered: 03/26/2025) |
| 03/26/2025 | | MINUTE ORDER granting 22 Unopposed Motion for Extension of Time to Respond. Defendant shall respond to the 2 Amended Complaint on or before April 30, 2025. Signed by Judge Amit P. Mehta on 3/26/2025. (lcapm1) (Entered: 03/26/2025) |
| 04/17/2025 | 23 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to Order on Motion for Extension of Time to File Response/Reply, 20 Supplemental Memorandum, 21 Order on Motion to Dismiss, Set/Reset Deadlines, 18 Memorandum in Opposition, 19 Supplemental Memorandum, 17 Reply to opposition to Motion, 22 Unopposed MOTION for Extension of Time to File Answer re 2 Amended Complaint , 14 Proposed MOTION for Order *of opposition of defendants partial dismissal*, 11 Partial MOTION to Dismiss , Order on Motion for Extension of Time to Answer, Set/Reset Deadlines, 15 Memorandum in Opposition by ARLO GARRISON BANTE. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Notice and Consent, # 2 Statement of Facts)(BANTE, ARLO) (Entered: 04/17/2025) |
| 04/17/2025 | 24 | MOTION for Leave to Appeal in forma pauperis by ARLO GARRISON BANTE. (See docket entry 23 to view document) (mg) (Entered: 04/18/2025) |

4

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Arlo Garrison Bante
_____
Plaintiff

vs.

Civil Action No. 1:23-cv-03937
_____

Lonnie G. Bunch III, Secretary of the Smithithsonian
_____
Defendant

## NOTICE OF APPEAL

Notice is hereby given this 14 nd   day of April   , 20 2025  , that

Arlo Garrison Bante

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the   17 th   day of March   , 20 25

in  favor of  the defendant, Lonnie G. Bunch III

against said  the plaintiff, Arlo Garrison Bante,

_____
Attorney or Pro-Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**        Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
## for the

Arlo Garrison Bante
_____
*Plaintiff/Petitioner*
v.
Lonnie G. Bunch III, Secretary of the Smithithsonian
_____
*Defendant/Respondent*

)
)
)
)
)

Civil Action No. 1:23-cv-03937 (APM)

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:

I am not inarcerated and I am currectly not  employed.

My gross pay or wages are:  $ _____ 0.00 , and my take-home pay or wages are:  $ _____ 0.00 per

*(specify pay period)* _____ 0 .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment ❏ Yes ☑ No
(b) Rent payments, interest, or dividends ❏ Yes ☑ No
(c) Pension, annuity, or life insurance payments ❏ Yes ☑ No
(d) Disability, or worker's compensation payments ❏ Yes ☑ No
(e) Gifts, or inheritances ❏ Yes ☑ No
(f) Any other sources ❏ Yes ☑ No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

6

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4.  Amount of money that I have in cash or in a checking or savings account:  $ _____ 50.00 .

5.  Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

No automobile currectly, living with my mother, no real estate, stock, bond, securtiy, truct, jewelry, art work and not things of valve.

6.  Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

I have a cellphone mouth payment that my mother paids, spotify, and dont have the money to pay my student loan payments.

7.  Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

No Kids or relationship, but my mother help me with a place to live, pays my cellphone and food.

8.  Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

Student loans (roughly 65, 000.00)

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____ April 2, 2025

_____
*Applicant's signature*

Arlo Garrison Bante
_____
*Printed name*

On May 10, 2024, DOJ Assistant U.S. Attorney Kaitlin Eckrote filed a Rule 12(b)(6) motion to dismiss on behalf of the defendant, Lonnie Bunch III, and the Smithsonian. In response, on July 10, 2024, the plaintiff, Mr. Bante, submitted his opposition, arguing that equitable tolling and estoppel were warranted due to the defendant's withholding of vital evidence revealing additional discrimination and retaliation of which Mr. Bante was unaware when he initially filed his formal complaint. [T] he administrative time limits created by the EEOC erect no jurisdictional bars to bringing suit. Rather, functioning like statutes of limitations, these time limits are subject to equitable tolling, estoppel, and waiver." Chisholm v. Lanier, 891 F. Supp. 2d 112 - Dist. Court, Dist. of Columbia 2012 "Equitable tolling permits a plaintiff to avoid the bar of the limitations period if despite all due diligence he is unable to obtain vital information bearing on the existence of her claim," Brown v. American Postal Workers Union, Dist. Court 2009. Equitable estoppel applies when a party, by its conduct, including language, acts or silence, knowingly makes a representation or conceals material facts which it intends or expects will be acted upon by the other party. State of New York v. United Parcel Service, Inc., 2016.

On August 7, 2024, the Assistant US attorney, Kaitlin Eckrote, submitted the final 12(b)(6) pleading that changed the initial pleading by adding a new argument and evidence. Judge Mehta used the new argument and evidence in his order dismissing Mr. Bante complaint by failing to follow the federal rules of civil procedure. Under Rule 12(g)(2) it makes it unlawfully, A party that makes a motion under RULE (12) must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

The Assistant US attorney, Kaitlin Eckrote provides the district court with the Smithsonian's Final Agency Action that stated, "The EEOC Administrative Judge had not make a decision on the merit of Mr. Bante complaint." Kaitlin Eckrote base her final RULE 12(b)(6) pleading on that statement made by the defendant's Office of Equal Employment and Supplier Diversity (OEESD), director, Aretha Carr who was not involved or has personal knowledge to

support her statement. The EEOC hearing records disprove Aretha Carr statement as the Administrative Judge did make a decision on the merit of the case by rejecting the Smithsonian's general counselor Mia Haessly motions to dismiss. This was quite vivid due to Mia Haessly providing the Commission with fabricated evidence. This final agency action was not submitting with a statement under oath from someone who can testify form personal knowledge that the document is authentic.

Judge Mehta accepted this evidence and used in his order to dismiss Mr. Bante complaint but failed to follow the federal rules of civil procedure and federal rules of evidence. Any exhibit that is submitted as evidence must be authenticated before it can be considered by the Judge. According to Federal rules of civil procedure, Rule 901(a) To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. Rule 602 and 603, A document can be authenticated by submitting a statement under oath from someone who can testify form personal knowledge that the document is authentic.

The Assistant U.S. Attorney, Kaitlin Eckrote, could have had the defendant's general counsel, Mia Haessly who was appointed to represent the defendant during the EEOC administrative process—to sign a sworn statement attesting to the authenticity of the Final Agency Action but would have been perjury. However, she chose not to do so, fully aware that the document was fraudulent before directly providing to the court. "Fraud on the court... is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." IN RE TRIGEE FOUNDATION, INC., Bankr. Court, Dist. of Columbia 2017.

The Smithsonian's office of general counsel, provided Mia Haessly to assistance the US attorney, Kaitlin Eckrote in the courts proceedings knowing that she was not in good standing with the bar of this court. As of March 23, 2025, According to district court records, Mia Haessly bar membership had been removed from district court since 2011. For Mia Haessly to legally practice law in district court, a member in good standing with this court must sponsor

the non-member by written motion to the district court judge to appear as pro hac vice to participate as counsel in a particular case. See. LCvR 82.2(e). The US attorney, Kaitlin Eckrote did not submitted the motion to the court.

Under RULE (9)(b) In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. Kaitlin Eckrote understood that a motion naming Mia Haessly would jeopardize the fraudulent evidence she providing the court. The Final Agency Action was introduce to influence Judge Mehta order in the defendant favor by dismissing Mr. Bante complaint. This represented a direct assault on the integrity of the judicial system, orchestrated by the Smithsonian and the Department of Justice and was allowed to occur by district court Judge Amit Mehta.

On March 17, 2025, Judge Mehta order issues summary judgement on any discrete claim of discrimination or retaliation, under either Title VII or the Rehabilitation Act is time-barred if based on an event occurring before occurring before May 29, 2022 and Mr. Bante hostile work environment. Judge Mehta order contradict itself by stating Mr. Bante's hostile work environment was made timely which ended on May 24, 2022 but his Title VII or the Rehabilitation Act is time-barred for any event before May 24, 2022. This kind of moving the goal post is inappropriate of a federal judge.

Judge Mehta was aware that summary judgement was inappropriate because when Assistant U.S. Attorney, Kaitlin Eckrote added the Smithsonian Final agency action cause a genuine dispute in the material fact to all of Mr. Bante claims. Before Judge Mehta issued his order, Mr. Bante found that the defendant and Kaitlin Eckrote had changed the initial RULE 12(b) pleading and that the added evidence was fraudulent. On January 20, 2025, Mr. Bante submitted a motion requesting permission for his due process to answer the defendant new argument. On January 31, 2025, Mr. Bante submitted a motion opposing the defendant new argument. Judge Mehta denials this motion of Mr. Bante procedural due process.

Again Judge Mehta failed to adhere to federal rules of civil procedure under RULE 12(d)

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion, before dismiss his complaints. "A procedural due process violation occurs when an official deprives an individual of a liberty or property interest without providing appropriate procedural protections." Atherton v. D.C. Off. of Mayor, 567 F.3d 672, 689 (D.C. Cir. 2009).

Finally, Judge Mehta apply his opinion to Mr. Bante wrongful terminated claim by attempting to move it to the federal claim court without acknowledging Mr. Bante request for relief outside monetary funds and Mr. Bante affording his rights to clear his name. RULE 42 (a) (1), If actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the actions. Included in this claims are violations of the freedom of information, the denial of fifth amendment right, injunction order and the spoliation of critical evidences by the defendant and Assistant US attorney, Kaitlin Eckrote. This claims involves Mr. Bante's supervisors accessing his payroll records without his knowledge or consent after he was escort off Smithsonian property to commit federal payroll fraud for fabricated accusation of wrongdoing by the same supervisors. Judge Mehta refer to this as the, "Plaintiff complains about disparate opportunities to work overtime and unequal treatment as to unexcused absences, is not more then, tackless and ill mannered but isolated mistreatment he received from his supervisor." This is a bias statement in favor of the defendant which Judge Mehta has no bases in making.

During the course of the processing, Mr. Bante requested his payroll records from the defendant's general counselor, Mia Haessly, the Smithsonian office of inspector general, the human resource and from the Assistant US attorney all denying this request without provide a reason nor the exemption to the FOIA. The defendant had prior knowledge that Mr. Bante required his payroll records during litigation but decision to destroy them in violation of 29 C.F.R § 516.5 (a) that each employer shall preserve for at least 3 year, the payroll records of his

current and former employee. Mr. Bante threes started on March 2025 and ends on June 3, 2025. The defendant destroy Mr. Bante payroll records to undermine his wrongful terminated claim.

According to the law, "the party having control over the evidence had an obligation to preserve it when it was destroyed or altered" to obtain a negative inference from spoliation (citation omitted Figueroa v. Tillerson, 289 F. Supp. 3d 212 - Dist. Court, Dist. of Columbia 2018. Most importantly, the court also held that the Rule 16 duty to disclose includes an obligation to preserve vital evidence within the government's possession before prosecution begins. Myers v. US, 15 A. 3d 688 - DC: Court of Appeals 2011.

Judge Mehta order dismissing any of Mr. Bante's claims and the hostile work environment make no material difference as he has fails to follow the Federal Rule of Civil Procedure by not stipulating whether his order is "with leave to amend," "with prejudice." or "without prejudice." According to Rule 41 (a)(1)((b) of the Federal Rule of Civil Procedure, unless the notice or stipulation states otherwise the dismissal is without prejudice.

Everything that is stated in this document can be support with evidence, there is a lot that I left out of this. Mr. Bante is requesting the case be referred to the court committee on Grievance for failing to complaint with the federal rule of civil procedure and evidences. See LCvR 83.5. The defendant has used the Smithsonian to cause damage to the District Court integrity. I do not believe this will stop until the court step in against them. There is  Mr. Bante is also seeking default judgment against the defendant for the monetary funds and other provided reliefs already provide to the defendant under Rule 60, excusable neglect, newly discovered evidence, fraud on the court, and destroying evidence.

Respectfully submitted:

Date: April 13, 2025

Arlo Garrison Bante

5000 Dartmouth Drive

Fairbanks, Alaska, 99709

arlo.g.bante@gmail.com

907-799-6645

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ARLO GARRISON BANTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-03937 (APM) |
| | ) | |
| LONNIE G. BUNCH, III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>ORDER</u>

Before the court is Defendant's motion to dismiss certain claims of discrimination and retaliation brought by pro se Plaintiff Arlo Bante, a former employee of the Smithsonian Institution's Office of Facilities Management. *See* Def.'s Partial Mot. to Dismiss, ECF No. 11 [hereinafter Def.'s Mot.]. As the court writes for the parties, it references the facts alleged only as needed to resolve the motion.

The court agrees that any discrete claim of discrimination or retaliation, under either Title VII or the Rehabilitation Act, is time-barred if based on an event occurring before May 29, 2022. As to such claims, more than 45 days passed before Plaintiff first consulted with an EEO counselor on July 13, 2022, as required by applicable regulation. 29 C.F.R. § 1614.105(a)(1) (establishing 45-day consultation period); *Roberts v. Scalia*, No. 1:19-cv-00474 (CJN), 2020 WL 1892057, at *9 (D.D.C. Apr. 16, 2020) ("A sizeable majority of judges in this district has adopted the strict view and requires plaintiffs to file an administrative complaint within 45 days of each alleged retaliatory action."); Def.'s Mot., Ex. 1, ECF No. 11-2, at 4 (ECF pagination) (identifying

July 13, 2022, as the consultation date).[1]  Plaintiff's invocation of equitable tolling and the "continuing violations" doctrine cannot save these untimely claims, *see* Pl.'s Opp'n to Def.'s Mot., ECF No. 15 [hereinafter Pl.'s Opp'n], at 3–4.  *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256 (2016) (requiring that some "extraordinary circumstance stood in [the] way" of a timely-filed EEOC charge for equitable tolling to apply (internal quotation marks omitted)); *Morgan*, 536 U.S. at 114 (rejecting "continuing violations" doctrine in the context of discrete discriminatory acts).  Nor does the fact that Plaintiff's claims were investigated constitute a waiver of Defendant's right to assert a timeliness defense, *see* Pl.'s Opp'n at 5, when as here the agency did not reach a determination on the merits, *see* Def.'s Reply in Supp. of Def.'s Mot., ECF No. 17, Ex. 1, ECF No. 17-1, at 1 & n.1 (ECF pagination) (Plaintiff withdrew request for a hearing). *See Bowden v. United States*, 106 F.3d 433, 438 (D.C. Cir. 1997).

Next, Plaintiff fails to state plausible claims of hostile work environment.[2]  Plaintiff has not alleged the kind of workplace that was "permeated with discriminatory intimidation, ridicule and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted).  For instance, Plaintiff complains about disparate opportunities to work overtime and unequal treatment as to unexcused absences, Am. Compl., ECF No. 2, ¶¶ 11, 20, but "selective enforcement of a time and attendance policy

---

[1] Plaintiff does not dispute authenticity of the administrative record materials put before the court by Defendant, which establish that he first met with an EEO counselor on July 13, 2022.

[2] Reading Plaintiff's complaint liberally, the court interprets Plaintiff to allege hostile work environment claims. Further, assuming that his termination is part of such claims, they are not untimely because the "effective date" of his termination on June 3, 2022, falls within the 45-day window.  *See Morgan*, 536 U.S. at 122 (holding that a "hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period").  Further, the court has considered the extensive additional facts Plaintiff introduces for the first time in his opposition brief to support the adequacy of his claim, Pl.'s Opp'n at 13–41; *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015), but they make no material difference, as they only amplify the allegations contained in his pleading.

2

does not necessarily indicate conduct giving rise to a hostile work environment claim." *Brooks v. Grundmann*, 748 F.3d 1273, 1276 (D.C. Cir. 2014).  Moreover, the "tactless and ill-mannered" but "isolated" mistreatment he received from his supervisors, Am. Compl. ¶¶ 15, 22, 32, 43, does not rise to a hostile work environment, *see Brooks*, 748 F.3d at 1276.  Finally, his non-selection for a preferred position, Am. Compl. ¶ 41, likewise does not support such a claim.  *See Veitch v. England*, 471 F.3d 124, 130–31 (D.C. Cir. 2006).

That leaves Plaintiff's claim for wrongful termination under the Fair Labor Standards Act ("FSLA").  Am. Compl. ¶¶ 73–81.  Binding precedent requires the court to dismiss that claim for lack of jurisdiction.  *See Waters v. Rumsfeld*, 320 F.3d 265, 270–72 (D.C. Cir. 2003).  The Court of Federal Claims has exclusive jurisdiction over a public-sector FSLA claim, unless the plaintiff "clearly and adequately" expresses an intent to waive the $10,000 Tucker Act threshold.  *Id.* at 272 (internal quotation marks omitted).  Plaintiff has not done so here.  *See generally* Am. Compl.; Pl.'s Opp'n.

The United States dutifully advises the court that it disagrees with Circuit precedent in light of the Supreme Court's decision in *United States v. Bormes*, 568 U.S. 6 (2012), *see* Def.'s Mem. of P&A in Supp. of Def.'s Mot., ECF No. 11-1, at 22–23, but the court remains bound by undisturbed Circuit authority, *see Alston v. Bethea*, No. 22-cv-2595 (JEB), 2023 WL 4198203, at *3 (D.D.C. Cir. June 27, 2023) ("The Court, accordingly, will not overturn the more than '30-year-old, multi-circuit, apparently unbroken precedent' of assigning the Court of Federal Claims jurisdiction over FLSA claims, both pre- and post-*Bormes*.") (quoting *Abbey v. United States*, 745 F.3d 1363, 1369 (Fed. Cir. 2014)).

3

Accordingly, for the foregoing reasons, Defendant's Partial Motion to Dismiss, ECF No. 11, is granted.  Defendant shall answer the complaint by March 31, 2025.

Dated:  March 17, 2025

_____
Amit P. Mehta
United States District Court Judge